## COLLIER vs. SWINNEY.

Plaintiff after giving his evidence took a nonsuit, and before the jury had dispersed but after the nonsuit had been entered upon the minutes, he moved the court to cancel the order of nonsuit and allow the cause to proceed: this the court refused; although in matters

Collier vs. Swinney.

of practice much latitude is allowed to circuit courts, in this case the reasons for the application, as appear in the record, make it manifest that the substantial ends of justice would have been promoted by cancelling the order, therefore the judgment of the court is reversed.

APPEAL from Saline circuit court.

DAVIS & CLARK, for appellant.

The testimony of D. C Garth does substantially support the declaration, and the proof in relation to Collier paying the boat $2 50 per hogshead for shipping the tobacco in the warehouse at Glasgow, was a contract independent of the contract declared on. See 1 Chitty, 333, 344.

The testimony of Homrickhouse, in the deposition, sustains the count in the declaration as declared on, substantially; it being apparent in the whole deposition that the witness uses the terms 31st August and 1st September indiscriminately with reference to the time when the contract was to terminate.

The discretion of the court was not soundly exercised in refusing to let the case proceed when the testimony of Homrickhouse, in the second deposition offered, was discovered. The court could see that Collier had a just cause of action; that delay was injurious to him, and that to proceed with the cause at that time, could work no surprise on Swinney. To exercise discretion *soundly*, it should be done in furtherance of the ends of justice.

LEONARD, for appellee.

1. The contract as proved by Garth, varied from the contract alleged in the consideration for the promise, the freight to be paid, one being for $2 per hogshead for all, and the other being for $2 50 for all then delivered, and $2 for what should be afterwards delivered, and less if other boats carried for less. Chit. Pl. 320, 321, 325, 326, 329, 334.

2. The contract, as proved by Homrickhouse, varied from the contract alleged in the thing promised to be done. The contract alleged is to carry out all the tobacco that should be delivered at Glasgow on or before the 1st day of September, 1846. The contract proved by Homrickhouse is "to take out the tobacco until the 31st of August, 1846." Chitty's Plead. 329, 331, 334, 337, 341; Stone vs. Knowlton, 3 Wend. Rep. 374, 376; Penny vs. Porter, 2 East. 2.

3. The refusal of the court to cancel the order for the non-suit, was a matter within the discretion of the circuit court, and not subject to the control of this court.

4. If, however, this be otherwise, the presumption is that the circuit court exercised its discretion correctly, and there is nothing here to show it otherwise.

Judge BIRCH delivered the opinion of the court.

The declaration in this case was an assumpsit, upon an undertaking of the steamer Wapello, of which the defendant below was part owner, to transport tobacco from Glasgow to St. Louis; the injury complained of being the omission of the boat to carry it according to the undertaking.

Collier vs. Swinney.

The declaration contained three counts. The first one charges that the plaintiff agreed to send to St. Louis all the tobacco, in hogsheads, that he should be able thereafter to deliver at Glasgow, on or before the first day of September, 1846, and that in consideration thereof, and the further consideration of two dollars per hogshead, the defendant agreed to transport it. The count then alleges that the plaintiff had at Glasgow a large number of hogsheads of tobacco on the 1st of September, aforesaid, and that the defendant omitted to transport it as agreed upon.

The second count is as the first one, except that the freight, instead of being two dollars per hogshead, was to be the same price as charged by other packets, and the third count only varies from the second one in the allegation that the freight was to be the lowest packet charge during the time.

The plea was the statutory general issue.

Upon the trial, the plaintiff proved by one of his witnesses, that the contract with the boat was to carry from Glasgow to St. Louis, all the tobacco the plaintiff then (in May, 1846) had at Glasgow, being 38 or 40 hogsheads, at two dollars and fifty cents per hogshead, and all the tobacco which he should deliver at Glasgow between that time and the first day of September, 1846, at two dollars per hogshead, or less, if other boats should carry at less. He also proved by another witness, who was present when the contract was made, that the contract was to take the tobacco out of the Missouri river to St. Louis, until the 31st day of August, 1846, at two dollars per hogshead.

This being all the evidence, the court, on the motion of the plaintiff's counsel, excluded it from the jury upon the ground that it varied from the declaration, and thereupon the plaintiff suffered a non-suit. After the entry of the non-suit upon the minutes of the clerk, however, and before the jury had dispersed, the plaintiff prayed the court to cancel the order of non-suit, and allow the cause to proceed, so as to enable him to read from another deposition on file, given by one of the same witnesses, testimony to the effect "that the contract with the plaintiff for carring out the tobacco, expired on the first day of September 1, 1846."

This the court refused, and the exclusion of the evidence of the contract, and the subsequent refusal of the court to cancel the order for the non-suit, and allow the cause to proceed before the same jury, was made the grounds of a motion to set aside the non-suit and reinstate the cause. This being overruled, the cause comes before us by appeal.

In the case of Woodson vs. Hall, decided at the present term, the

court designed to intimate that whilst an appellate tribunal should continue to presume much in favor of the soundness with which the subordinate tribunals have exercised the discretion confided to them in matters of practice, cases might, nevertheless, present themselves in which from the showing of the record, we would feel constrained to review and correct it. Such is deemed to be the case before us—it being manifest to our understanding, that the substantial ends of justice would have been better promoted by permitting the cause to proceed as prayed for, whereby, (it will not be controverted) *under the additional testimony which it was then proposed to introduce,* the Judge would not have felt it his duty to renew the instruction complained of, but would have permitted the testimony to go to the jury. In that manner, the whole case might have been promptly and fairly disposed of, without surprise or wrong to either party.

For the reason thus intimated, the judgment of the circuit court must of course be reversed and the cause remanded.